## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESTER R. FLAGG, JR.,<br>on behalf of himself and all others<br>similarly situated,<br>        Plaintiff<br><br>v.<br><br>LELAND SCOTT & ASSOCIATES, INC.,<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)  **06-40222FDS**<br>)<br>)<br>) |

### COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff Chester R. Flagg, Jr., brings this action as a result of conduct engaged in by defendant in attempting to collect an alleged consumer debt, which conduct violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff asserts both individual and class claims for relief.

### Parties

1. Plaintiff ("Flagg" or "plaintiff") is an individual who at all times relevant to this complaint has resided in Gardner, Worcester County, Massachusetts.

2. Defendant is on information and belief a business corporation having a principal place of business in Arlington, Texas.

RECEIPT # 404922
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED
BY DPTY. CLK.
DATE 10-18-06

## Jurisdiction

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

5. Defendant is a "debt collector" within the scope of 15 U.S.C. §1692a(6) in that it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any consumer debts, and/or regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another.

6. On information and belief, on or about February 22, 2006, plaintiff's girlfriend ("Jennifer") wrote a check in the amount of $43.16 to an entity known as "The Traveling Vineyard." On information and belief, the check was written for the purpose of purchasing merchandise – wine and/or wine-related products – to be used for personal, family, or household purposes. The account on which the check was written was a joint account in the names of plaintiff and Jennifer. On information and belief, said check was returned for insufficient funds.

7. Plaintiff had no knowledge that Jennifer had written the check and did not authorize Jennifer to write the check.

8. Defendant sent two letters to plaintiff dated June 22, 2006 and July 17, 2006, true copies of which are appended hereto as Exhibits A and B, respectively. Each letter

demanded that plaintiff make payment on the check and pay an additional $30.00 without specifying the nature or purpose of said additional amount.

### Individual Claims for Relief – The June 22, 2006 Letter

### COUNT I

### (Violations of 15 U.S.C. §1692e)

9. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

10. Defendant's letter of June 22, 2006 was false, misleading, and deceptive in violation of 15 U.S.C. §1692e for the following reasons:

> (a) it stated that "[o]ur client has requested that this matter be pursued to the fullest extent of the law" even though, on information and belief, no such authorization had been given and, in any event, defendant did not have the capacity to take any legal steps;
>
> (b) it stated that "[f]ailure to comply with necessitate our taking any and all remedies available under civil and/or criminal statutes if applicable to protect our clients interest," even though, on information and belief, defendant had not been authorized to pursue such remedies and did not have the capacity to do so;
>
> (c) there was no basis for the statement that action could be taken against plaintiff under "criminal statutes," since plaintiff had not written the check in question.

11. As results of the above-described conduct, plaintiff suffered distress, anxiety, and confusion, and was compelled to seek legal counsel.

WHEREFORE plaintiff prays that this Honorable Court enter judgment: awarding him actual damages, statutory damages, interest, costs, and attorney's fees, all as provided by law.

## COUNT II

### (Violation of 15 U.S.C. §1692g)

12. The allegations of paragraphs 1 – 11, above, are incorporated by reference as if fully set forth.

13. The letter of June 22, 2006 was the first communication to plaintiff from defendant regarding the alleged debt.

14. Defendant's letter did not contain the notice set forth in 15 U.S.C. 1692g(a), and said notice was not provided to plaintiff within 5 days thereafter.

WHEREFORE plaintiff prays that this Honorable Court enter judgment: awarding him statutory damages, interest, costs, and attorney's fees, all as provided by law.

### Individual Claims for Relief – The July 17, 2006 Letter

## COUNT III

### (Violations of 15 U.S.C. 1692e)

15. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

16. Defendant's letter of July 17, 2006 was false, misleading, and deceptive in violation of 15 U.S.C. §1692e for the following reasons:

> (a) it stated that defendant had completed an "asset and liability investigation" when, on information and belief, no such investigation had been conducted;
>
> (b) it represented or implied that "proceedings" would be commenced and/or "further action" would be taken after 5 days if plaintiff did not pay the full balance or contact defendant to negotiate an agreement, yet neither in fact occurred and defendant never intended same to occur.

17. As results of the above-described conduct, plaintiff suffered distress, anxiety, and confusion, and was compelled to seek legal counsel.

WHEREFORE plaintiff prays that this Honorable Court enter judgment: awarding him actual damages, statutory damages, interest, costs, and attorney's fees, all as provided by law.

## Class Action Claims

## COUNT IV

### (Unlawful Assessment of Costs/Fees)

18. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

19. In each letter to plaintiff, defendant included in plaintiff's balance, and sought to collect from plaintiff, a $30 fee which was not expressly authorized by any agreement that created the underlying obligation or permitted by state law, thus violating 15 U.S.C. §1692f.

## Class Action Allegations

20. Plaintiff brings Count IV on behalf of himself and a class of persons similarly situated. The class consists of all persons who, within one year of the filing of this complaint through date of certification were assessed a fee by defendant on an alleged consumer debt which was not expressly authorized by the agreement which created the debt or permitted by state law. Excluded from each class are present and former officers, directors, employees, and agents of defendant and its clients.

21. On information and belief, defendant assessed such a fee on a frequent or routine basis. Therefore, the classes are likely to be sufficiently numerous such that joinder is impracticable.

22. There are issues of law and fact common to class members, which issues predominate over any individual questions. The primary common issues are whether defendant is a debt collector as defined by the FDCPA, and whether the practice complained of violates the statute. Plaintiff is not aware of any issues particular to individual class members which would render class certification inappropriate.

23. The plaintiff's claim is typical of the claims of class members.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and has carefully selected counsel experienced in consumer and class action litigation. Neither plaintiff nor counsel is aware of any conflict or other factor which would interfere with the effective prosecution of this litigation.

25. A class action is manageable and a superior method of resolving this controversy.

WHEREFORE, plaintiff prays for a judgment against defendant on behalf of himself and class members: (a) awarding actual damages; (b) awarding statutory damages; (c) awarding costs and reasonable counsel fees; (d) enjoining defendant from continuing to engage in the unlawful practice complained of; and (e) awarding such further relief as shall be just and proper.

## COUNT V

### (Failure to Identify Costs/Fees)

26. The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27. Neither of defendant's letters of June 22, 2006 and July 16, 2006 identified or disclosed the nature of, or reason for, the assessment of an additional $30 to plaintiff's account.

28. Defendant's conduct as aforesaid was false, deceptive and misleading in violation of 15 U.S.C. 1692e.

### Class Action Allegations

29. Plaintiff brings Count V on behalf of himself and a class of persons similarly situated. The class consists of all persons who, within one year of the filing of this complaint through date of certification, were sent any collection letter by defendant pertaining to a consumer debt which did not identify or disclose the nature of an additional fee or cost. Excluded from the class are present and former officers, directors, employees, and agents of defendant and its clients.

30. On information and belief, the conduct complained of was a standard or routine practice of defendant, and thus the class is sufficiently numerous that joinder is impracticable.

31. There are issues of law and fact common to class members, which issues predominate over any individual questions. The primary common issues are whether defendant is a debt collector under the FDCPA and whether defendant's failure to identify or disclose additional costs and fees in its collection letters to consumer debtors violated 15 U.S.C. 1692e. Plaintiff is not aware of any issues particular to individual class members which would render class certification inappropriate.

32. The plaintiff's claim is typical of the claims of class members.

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and has carefully selected counsel experienced in consumer and class action litigation. Neither plaintiff

nor counsel is aware of any conflict or other factor which would interfere with the effective prosecution of this litigation.

34. A class action is manageable and a superior method of resolving this controversy.

WHEREFORE, plaintiff prays for a judgment against defendant on behalf of himself and class members: (a) awarding actual damages; (b) awarding statutory damages; (c) awarding costs and reasonable counsel fees; (d) enjoining defendant from continuing to engage in the unlawful practice complained of; and (e) awarding such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims.

CHESTER R. FLAGG, JR.
Plaintiff
By his attorney:

_____
Kenneth D. Quat
BBO #408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

# EXHIBIT A



1600 E. PIONEER PARKWAY, SUITE 550
ARLINGTON, TEXAS 76010

MAILING ADDRESS - P.O. BOX 300100
ARLINGTON, TEXAS 76007-0100

***VIA CERTIFIED MAIL***

June 22, 2006

Chester R Flag Jr
Jennifer L Simonds
269 Clark St
Gardner, MA 01440

Re: Geerlings & Wade

Balance Due: $73.16 "IN U. S. DOLLARS"

Dear Chester R Flag Jr Jennifer L Simonds,

We are in receipt of your worthless check (s) in the amount (s) of $43.16 . Our client has requested that this matter be pursued to the fullest extent of the law.

Consider this correspondence as formal demand under your local statutes to make this check good. We highly recommend you seek the counsel of an attorney to make you aware of your potential liability.

Failure to comply will necessitate our taking any and all remedies available under civil and/or criminal statutes if applicable to protect our clients interest. This communication is from a debt collector.

Sincerely,
Leland Scott & Associates, Inc.

Steven N. Davis

1.NR / 177492/ Ck 999/4397/012/01

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE

LOCAL (817) 460-7100 • FACSIMILE (817) 460-7135
TOLL FREE 1-800-808-5061 • ESPANOL 1-800-510-2185

# EXHIBIT B

## *Leland Scott & Associates*

1600 E. Pioneer Parkway, Suite 550  
Arlington, Texas 76010

Mailing Address - P.O. Box 300100  
Arlington, Texas 76007-0100

July 17, 2006

Chester R Flag Jr  
Jennifer L Simonds  
269 Clark St  
Gardner MA  01440-1203

RE:  Geerlings & Wade  
Account#: 177492  
Balance Due: $73.16   "IN U. S. DOLLARS"

Dear Chester R Flag Jr Jennifer L Simonds,

We have completed our asset and liability investigation. Our investigation has indicated there are sufficient assets to warrant proceedings and this information has been conveyed to our client. This matter can and will be reported to all three major credit bureaus.

It would benefit you if further action could be circumvented.

I will advance my file (5) days to allow you an opportunity to forward the balance in full or contact my office to negotiate an amicable agreement. This communication is from a debt collector.

Sincerely,

*Steven N. Davis*

Leland Scott & Associates, Inc.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Local (817) 460-7100 • Facsimile (817) 460-7135  
Toll Free 1-800-808-5061 • Espanol 1-800-510-2185

LELS1014TY443E9A34

*** Please detach below and return in the enclosed envelope with your payment ***

PO Box 300100  
Arlington TX  76007-0100  
FORWARDING SERVICE REQUESTED

We Accept:

   

Account #: 177492  
Total: $73.16

177492/012/01-14   000365  
Chester R Flag Jr  
Jennifer L Simonds  
269 Clark St  
Gardner MA  01440-1203

Leland Scott & Associates  
PO Box 300100  
Arlington TX  76007-0100